**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――

No. 10-1305

―――――――――


MARTIN ALEJANDRO GUTIERREZ BORROVIC,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

―――――――――――――――

On Petition for Review from the Board of Immigration Appeals
BIA-1 No. A099-423-126
Immigration Judge: The Honorable Margaret Reichenberg

―――――――――――――――

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 17, 2012

Before: SMITH, and FISHER, *Circuit Judges*,
and STEARNS, *District Judge*∗

(Filed: June 5, 2012)

―――――――――――――――

OPINION

―――――――――――――――


SMITH, *Circuit Judge*.

―――――――――――――

∗The Honorable Richard G. Stearns, United States District Judge for the United States
District Court of Massachusetts, sitting by designation.

Martin Alejandro Gutierrez Borrovic, a native and citizen of Peru, entered the United States as a visitor in November of 2004. He overstayed his visitor visa. In August of 2005, he filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Citing certain incidents that occurred while he was a seminary student in the Roman Catholic faith performing pastoral duties in his cassock, Gutierrez Borrovic sought asylum on the basis of religious and political persecution. Thereafter, he was served with a Notice to Appear, charging him as removable for overstaying his visa. Gutierrez Borrovic conceded removability, and relied upon his pending application for asylum, withholding of removal, and relief under the CAT. The Immigration Judge (IJ) found that there were some concerns about Gutierrez Borrovic's credibility. Nonetheless, the IJ assumed that Gutierrez Borrovic was credible, and determined that Gutierrez Borrovic had neither suffered past persecution on account of his religion or political opinion, nor had a well-founded fear of future persecution. Accordingly, the IJ denied his application.

Gutierrez Borrovic filed a timely appeal with the Board of Immigration Appeals (BIA). It adopted the IJ's decision and affirmed the denial of Gutierrez Borrovic's application. This timely petition for review followed.[1]

Gutierrez Borrovic contends that the BIA erred by affirming the decision of the IJ. He asserts that the IJ erred by concluding that he failed to establish past persecution. In his view, because he was persecuted, Gutierrez Borrovic submits that the IJ also erred by

---

[1] The Immigration Court had jurisdiction under 8 U.S.C. § 1229a. The BIA exercised jurisdiction under 8 C.F. R. § 1003.1(b). Our jurisdiction is pursuant to 8 U.S.C. § 1252(a).

2

denying his application for withholding of removal and for relief under the CAT.

Because the BIA's order adopted the findings of the IJ and set forth its own abbreviated analysis of Gutierrez Borrovic's application, we review the decisions of both the IJ and the BIA. *Abulashvili v. Attorney General*, 663 F.3d 197, 202 (3d Cir. 2011). Our review of the IJ's factual findings, including the finding that an alien has not suffered past persecution, is for substantial evidence. *Sandie v. Attorney General*, 562 F.3d 246, 251 (3d Cir. 2009). We will not disturb the factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Immigration and Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (internal quotation marks and citation omitted). As the Supreme Court instructed in *Elias-Zacarias*, the determination by the agency "can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude" otherwise. *Id.*

Gutierrez Borrovic contends that as a seminary student performing pastoral duties, he suffered persecution on the basis of his religious and political beliefs at the hands of the Shining Path organization because it believed the Catholic Church was a tool of imperialists. The evidence reveals that, in February of 2000, Gutierrez Borrovic began his studies at a seminary in the City of Huanuco, Peru. While he was performing pastoral duties in July or August of 2000, he learned that leaflets were left in his church, criticizing the priests and threatening to kill or harm them if they did not leave. At one point, unknown individuals approached him after Mass and identified themselves as members of the Shining Path. He claims they criticized the church, insulted him and

3

another person who was present, and suggested that he should leave the city "to avoid problems." He reported this to his superiors, who stopped the assignment of pastoral duties. Gutierrez Borrovic continued his studies at the seminary until January of 2001 without incident.

At that time, Gutierrez Borrovic accepted the invitation of Father Rodriguez, a local priest in Churubamba, a community approximately an hour and a half away from the seminary in Huanuco. He worked with Father Rodriguez, performing pastoral duties in the community and helping with a house for juveniles. In June of 2001, propaganda leaflets were left in the church. The following month, four individuals approached him after he finished celebrating the Mass, identified themselves as members of the Shining Path, criticized his involvement with the Roman Catholic Church, abducted him for an hour and a half, told him that they were going to kill him, and told him to stop visiting the communities. During the abduction, he was pushed by the individuals, forced to sit in an uncomfortable position behind the driver's seat of a car, and suffered from a numbness in his feet. Gutierrez Borrovic did not receive any physical injuries during the abduction that required medical attention. Thereafter, Gutierrez Borrovic left Peru. He claimed that the Shining Path continued to pursue him as inquiries about his whereabouts were made to two of his family members.

After considering Gutierrez Borrovic's testimony, the IJ concluded that Gutierrez Borrovic had not suffered persecution. Furthermore, the IJ noted that the identity of the individuals making the inquiries were unknown and the inquiries were neither menacing nor of a nature to prevent him from returning to Peru on three occasions. The BIA

4

agreed, citing *Fatin v. Immigration & Naturalization Service*, 12 F.3d 1233, 1240 (3d Cir. 1993).

*Fatin* instructs that persecution is "extreme conduct" and that it "does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional." *Id.* at 1240 & n.10. After carefully considering the record, we conclude that the evidence supports the IJ's determination that Gutierrez Borrovic did not suffer past persecution as it is defined in *Fatin*. Accordingly, we reject Gutierrez-Borrovic's argument that the IJ erred by denying his asylum claim.

The standard that an alien must establish to obtain withholding from removal under 8 U.S.C. § 1231(b)(3) is higher than the standard for asylum. *Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003). Because Gutierrez-Borrovic was unable to meet the burden of proof for his asylum claim, it follows that he did not satisfy the burden for his claim for withholding of removal. *Id.*

Finally, we consider Gutierrez Borrovic's assertion that he is entitled to relief under the CAT. Under the CAT, an alien is entitled to relief if he can show, *inter alia*, "that it is more likely than not that he . . . would be tortured if removed" to Peru. 8 C.F.R. § 208.16(c)(2). The evidence of record, however, does not satisfy this requirement as there is no evidence of any hostility towards Gutierrez Borrovic on the part of the Peruvian government or any evidence of a palpable threat of persecution by the remnants of the now mostly isolated Shining Path.

For the reasons set forth above, we will deny Gutierrez Borrovic's petition for review.

5